James R. Cobler Director of Accounts and Reports Department of Administration 900 Jackson, Room 251 Landon State Office Building Topeka, Kansas 66612-1220
Dear Mr. Cobler
As director of the division of accounts and reports, you request our opinion regarding the proper application of the uniform payment of claims act. Specifically, you ask whether receipts collected upon admission to school-sponsored competitions or events such as athletic or music competitions (gate receipts) are moneys of a unified school district which must be deposited pursuant to K.S.A. 72-8202d, and expenditures of which are subject to the requirements set forth in K.S.A. 12-105b.
Based upon the information provided, the current policy regarding the handling by a unified school district of gate receipts follows theGuidelines for School Activity Funds (guidelines) produced by the minimum standard audit program. The guidelines authorize the deposit of gate receipts collected at school-sponsored events in an account established for that program, i.e., gate receipts collected at an athletic event may be deposited in an account established for the particular athletic activity. The accounts are not held by any of the financial institutions recognized under K.S.A. 9-1401. The guidelines also authorize the payment of claims from that fund with the approval of the activity sponsor or school principal. Your questions are whether gate receipts constitute moneys of a school district and, if so, whether the guidelines are in conflict with procedures required under K.S.A. 12-105b and K.S.A. 72-8202d.
Gate receipts are not specifically established by state statute. However, pursuant to K.S.A. 72-1033, the board of education for a school district is to have control of the school district property, including school buildings and grounds, and may open the school buildings for public use pursuant to rules and regulations adopted by the board of education. The board of education is also authorized to assess and collect fees from pupils for the use of facilities, materials, and equipment in activities which are not mandatory, but optional to pupils, whether incidental to curricular, extracurricular or other school related activities. K.S.A. 1993 Supp. 72-5390. Given the authority conferred upon a board of education, we believe a board of education has the authority to assess and collect gate receipts.
Excluding gate receipts collected at post-season athletic events, gate receipts are recognized by rules and regulations adopted by a board of education. [Gate receipts collected at post-season athletic events are established by the Kansas state high school activities association (KSHSAA) and are conveyed to the KSHSAA.] The amount of the gate receipts is established by the board of education and collected by persons designated by the board of education. The gate receipts are retained by the school district. Under such circumstances, the gate receipts constitute moneys of the school district. See K.S.A. 1993 Supp. 21-3910
("public funds"); State, ex rel., v. McCombs, 156 Kan. 391, 403 (1943) (public moneys).
As gate receipts constitute moneys of the school district, deposit of the gate receipts is governed by K.S.A. 72-8202d. K.S.A. 72-8202d
obligates the treasurer appointed by the board of education to "deposit all moneys of the school district in accordance with the provisions of chapter 9, article 14, of Kansas Statutes Annotated." K.S.A. 9-1401 etseq establishes the types of financial institutions in which moneys of a municipal corporation or quasi-municipal corporation may be deposited and the types of securities to be retained by the municipal corporation or quasi-municipal corporation. The interpretation of a statute is a matter of law and it is the function of the court to interpret the statute to give it the effect intended by the legislature. Todd v. Kelly,251 Kan. 512, 515 (1992). When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. Martindalev. Tenny, 250 Kan. 621, 629 (1992). Because gate receipts constitute moneys of the school district, the treasurer of the school district is obligated under K.S.A. 72-8202d to deposit gate receipts as set forth in K.S.A. 9-1401 et seq.
K.S.A. 12-105a and 12-105b establish a uniform procedure for payment of claims and other indebtedness by municipalities. As a school district falls within the definition of municipality set forth in K.S.A. 12-105a, claims regarding moneys of a school district may be allowed only upon presentation of a written claim. K.S.A. 12-105b. "A claim may be the usual statement of account of the vendor or party rendering a service or other written statement showing the required information." Id. Because gate receipts constitute moneys of the school district and a school district falls within the definition of municipality set forth in K.S.A.12-105a, claims regarding gate receipts must be presented as set forth in K.S.A. 12-105b.
In review, receipts collected upon admission to school-sponsored competitions or events such as athletic or music competitions are moneys of a unified school district. Deposits and expenditures of such receipts must comply with the procedures set forth in K.S.A. 12-105b and 72-8202d. Those provisions of the Guidelines for School Activity Funds which authorize deposit of gate receipts into an account not held by one of the financial institutions recognized under K.S.A. 9-1401 and permit expenditures from the account with the approval of the activity sponsor or school principal are in conflict with the required procedures for deposit and expenditure of such receipts.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
RTS:JLM:RDS: